## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **NATIONWIDE GENERAL** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **V.** | § | |
| | § | |
| **EDWIN AND MARY LEONARD,** | § | |
| | § | |
| **Respondents.** | § | |
| | § | |

## PETITIONER'S MOTION TO APPOINT UMPIRE

TO THE HONORABLE JUDGE:

COMES NOW, Petitioner Nationwide General Insurance Company ("Petitioner" or "Nationwide") and files this Motion to Appoint Umpire.  In support thereof, Nationwide respectfully shows as follows:

### I.
### PARTIES/JURISDICTION/VENUE

1.     Petitioner Nationwide General Insurance Company is an insurance company organized in the State of Ohio with its principal place of business in Columbus, Ohio.

2.     Respondents Edwin and Mary Leonard ("Respondents") are individuals residing in Denton County, Texas who can be served at their home address of 1112 Muscogee Trail, Carrollton, Texas 75010-1130.

3.     This Court has jurisdiction under 28 U.S.C. § 1332 because the parties to this matter are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

4.     Venue is proper in the Court pursuant to 28 U.S.C. § 1391 (a)(1) and (2) because

Respondents reside in this district and a substantial part of the events or omissions giving rise to this request to compel appraisal occurred in this district.

## II.
## BACKGROUND FACTS

5.     This case involves a dispute over the amount of covered damages to Respondents' residential property resulting from a weather event occurring on or about June 6, 2018. Nationwide issued homeowners' policy no. 78 42 HO 898738 to Edwin and Mary Leonard III, effective April 23, 2018 through April 23, 2019 (the "Policy").  *See* **Exhibit A**.  The Policy insures the property located at 1112 Muscogee Trail, Carrollton, Texas 75010-1130 (the "Property").

6.     On or about April 2, 2019, Nationwide demanded appraisal pursuant to the Policy and designated Bryan Scanlan as appraiser.   Respondents designated Chad Cuddeford as appraiser on April 24, 2019.   The appraisal process has been ongoing since.   The appraisal provision of the Policy provides as follows:

**SECTION I – PROPERTY CONDITIONS**

\* \* \*

6.     **Appraisal. If you** and **we** fail to agree on the amount of loss, either can demand that the amount be set by appraisal. If either makes a written demand for appraisal, each will select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers will then select a competent, impartial umpire. If the two appraisers cannot agree on an umpire within 15 days, **you** or **we** can ask a judge of a court of record in the state where the **residence premises** is located to select a competent, impartial umpire.

The appraisers will then set the amount of loss. If the appraisers submit a written report of an agreement to **us**, the amount agreed upon will be the amount of the loss. If the appraisers fail to agree within a reasonable time, they will submit their differences to the umpire. Written agreement signed by any two of these three will

set the amount of the loss. Each appraiser will be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire will be paid equally by **you** and **us**. Any fees for expert witnesses or attorneys will be paid by the party who hires them. Neither the umpire nor the appraisers will have a financial interest that is conditioned on the outcome of the specific matter for which they are called to serve.

This is not a provision providing for or requiring arbitration. The appraisers and umpire are only authorized to determine the **actual cash value,** replacement cost, or cost to repair the property that is the subject of the claim. They are not authorized to determine coverage, exclusions, conditions, forfeiture provisions, conditions precedent, or any other contractual issues that may exist between **you** and **us**. The appraisal award cannot be used by either **you** or **us** in any proceeding concerning coverage, exclusions, forfeiture provisions, conditions precedent, or other contractual issues. However, once contractual liability is admitted or determined, the appraisal award is binding upon **you** and **us**. This appraisal process and authority granted to the appraisers and the umpire can only be expanded or modified by written mutual consent signed by **you** and **us**.

\* \* \*

7.      The appraisers have not been able to agree upon an umpire and more than 15 days have passed.  Therefore, pursuant to the Policy's appraisal provision, Nationwide requests this Court appoint an umpire.

### III.
### ARGUMENTS & AUTHORITIES

8.      Appraisal provisions similar to the one cited have been repeatedly enforced by Texas courts.  *See, e.g., In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193 (Tex. 2002).  The quoted provision addresses the circumstance of when the parties' appraisers cannot agree to an umpire.

9.      The selection of a competent and impartial umpire is not only required by the Policy and Texas law, but also as a practical matter, as the appraisal process only works if

competent and impartial umpires are selected.  An opinion from the U.S. District Court, Southern District of Texas, provides guidance as to what qualifications support a finding of "competence" to serve as an umpire on an appraisal panel.  These qualities include: (1) fairness, impartiality, and integrity; (2) ability to evaluate and weigh conflicting evidence, including technical evidence; (3) subject matter experience; and (4) the ability to provide service.  *See Glenbrook Patio Home Owners Ass'n v. Lexington Ins. Co.*, No. H-10-2929 (S.D. Tex. July 28, 2011 (mem. op.)).

10.     Texas appellate courts have highlighted the need for an umpire to be independently qualified to estimate and appraise the loss in question.  An umpire "is *a third appraiser*," and it is "the *duty* of the umpire under the terms of the contract of insurance *to ascertain and determine*, *in the exercise of his own judgment and as the result of his own investigation*, the cost values of the disputed items, *independent of* the findings of the appraisers, or either of them."  *Providence Lloyds Ins. Co. v. Crystal City Indep. Sch. Dist.*, 877 S.W.2d 872, 877-78 (Tex. App.—San Antonio 1994, no writ) (citing *Orient Ins. Co. v. Harmon*, 177 S.W. 192, 196 (Tex. Civ. App.—Dallas 1915, writ ref'd)) (emphasis added).  "The function of an umpire who is to act in matters of difference only is not to coincide with one or the other of the appraisers, but he is to make his award *independently* of such estimates." *Fisch v. Transcontinental Ins. Co.*, 356 S.W.2d 186, 190 (Tex. Civ. App.—Houston [1st Dist.] 1962, writ ref'd n.r.e.) (emphasis added).  In other words, it is important that an umpire have the ability to identify property damage and to prepare his own estimate for repairs.

11.     Accordingly, pursuant to the Policy and Texas law, Nationwide requests this Court appoint a competent and impartial umpire.

**IV.**
**CONCLUSION & PRAYER**

Petitioner Nationwide General Insurance Company stands ready to resolve this matter through appraisal. Nationwide respectfully requests that this Court appoint a competent and impartial umpire with a background and experience in residential damage evaluation, and for such other relief to which Nationwide may be justly entitled.

Respectfully submitted,

*/s/ Rhonda J. Thompson*
Rhonda J. Thompson
State Bar No. 24029862
Victoria L. Watson
State Bar No. 24110514

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  rthompson@thompsoncoe.com
Email:  vwatson@thompsoncoe.com

**COUNSEL FOR PETITIONER NATIONWIDE**
**GENERAL INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

This is to certify that on October 23, 2019, a true and correct copy of the foregoing instrument was delivered to the following by certified mail, return receipt requested:

Edwin Leonard
Mary Leonard
1112 Muscogee Trail
Carrollton, Texas 75010-1130
    ***Respondents***

*/s/ Rhonda J. Thompson*
Rhonda J. Thompson
Victoria L. Watson